```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


JAMES HASS,                    )
                               )
     Appellant,                )
                               )
          v.                   )         1:05cv91(JCC)
                               )
CYNTHIA DUNCAN, et al.,        )
                               )
     Appellees.                )
```

## **M E M O R A N D U M   O P I N I O N**

Debtor James Hass filed this appeal from the bankruptcy court's judgment refusing to reopen the case to permit an action to prosecute a stay violation.  For the following reasons, the Court will affirm ruling of the bankruptcy court.

### **I. Background**

The Debtor, James Hillary Hass, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 6, 2004.  Among the debts listed on his schedules was a support arrearage to his former wife, Cynthia Duncan, who was aware of the bankruptcy filing and attended the meeting of the creditors.  The Debtor received a discharge on July 16, 2004 and the case was closed on August 9, 2004.

Ten days prior to the granting of the discharge, the Circuit Court of Fairfax County, Virginia, issued a rule to show cause why the Debtor should not be held in contempt and why he should not be "fined, imprisoned, or both," for failing to comply

with that court's April 18, 2003 order requiring the payment of child support, spousal support, and attorneys' fees.  The petition for the rule to show cause, dated June 11, 2004, was signed by both Ms. Duncan and her Attorney, Mr. Surovell and asked that the Debtor be ordered "to cure the arrearages immediately" by paying Ms. Duncan $11,107 plus interest and that he be "incarcerated pending purging his Contempt of Court."  The petition did not disclose the pendency of the Debtor's bankruptcy case.  Neither the petition nor the rule to show cause were served upon the debtor until after the expiration of the automatic stay.

    The bankruptcy judge held a hearing in open court on December 7, 2004, on the debtor's motion to reopen his closed case to file a motion for sanctions against his former wife, Cynthia Duncan, and her attorney, Scott Surovell, for violating the automatic stay imposed by the bankruptcy code.  The bankruptcy court found that Duncan and Surovell had willfully violated the automatic stay when they filed the petition for a rule to show cause prior to the expiration of the automatic stay.  However, the bankruptcy court further found that the Debtor had "not shown that he suffered any damages as a result" of the violation.  In the absence of demonstrable injury, the bankruptcy court ruled that no relief could be awarded, and prosecution of the action would therefore be pointless.  Accordingly, the

bankruptcy court denied the Debtor's motion to reopen the case to prosecute the violation. It is from this ruling that the Debtor appeals.

## II. Standard of Review

Jurisdiction is proper pursuant to 28 U.S.C. § 158(a). Under 28 U.S.C. § 158(a), the district court sits as an appellate court in bankruptcy, and its review of the district court's decision is plenary. *In re Southeast Hotel Prop. Ltd. P'ship*, 99 F.3d 151, 154 (4th Cir. 1996). Findings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo. Id.; accord In re Wingfield*, 284 B.R. 787, 789 (E.D. Va. 2002).

The reviewing court should set aside the decisions of the bankruptcy court only when it determines "(1) that the decision was based on an erroneous conclusion of law, (2) that the record of the proceedings contain no evidentiary basis for the decision, or (3) that the factual findings of the court are 'clearly erroneous.'" *Wingfield*, 284 B.R. at 789 (citing *In re Jackson,* 121 F.3d 698 (4th Cir. 1997)).

In reviewing a bankruptcy court's findings of fact, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *In re Jolly*, 143 B.R. 383, 385 (Bankr. E.D. Va. 1992)(quoting Bankr. R. 8013). A bankruptcy court's finding of fact is "clearly erroneous" when, although there is evidence to support it, the reviewing court . .

. is left with the definite and firm conviction that a mistake has been committed.  *Id.* (citations omitted).

A bankruptcy court's refusal to reopen a case is reviewed for an abuse of discretion.  *See Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984).

### III. Analysis

All acts and proceedings to collect a prepetition liability from a debtor are automatically stayed upon the filing of a bankruptcy petition.  11 U.S.C. § 362(a)(1) & (6).  The stay expires when the debtor is granted or denied a discharge, the case is dismissed, or the case is closed.  11 U.S.C. § 362(c)(2).  The Bankruptcy Code gives an individual debtor a right of action for damages, including punitive damages and attorney's fees, resulting from a willful violation of the automatic stay.  11 U.S.C. § 362(h); *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir. 1986).  The bankruptcy court may redress a violation of the automatic stay under its civil contempt powers.  *Burd v. Walters (In re Walters)*, 868 F.2d 665, 669 (4th Cir. 1989).

There are several exceptions to the automatic stay.  Relevant to this case are the exceptions for criminal proceedings, 11 U.S.C. § 362(b)(1), and for collection of support from property that is not property of the estate, 11 U.S.C. § 362(b)(2)(B).  The bankruptcy court found that the contempt

proceeding resulting from Appellees' petition for the rule to show cause did not fall within section 362(b)(1)'s exception to the automatic stay for criminal proceedings, because it was a civil contempt proceeding.  The bankruptcy court also found that section 362(b)(2)(B) did not apply.  The parties do not dispute the bankruptcy court's determination that section 362(b)(1) does not apply.  The Appellees, however, argue that their actions fell within the section 362(b)(2)(B) exception to the automatic stay, which provides:

> the filing of a petition . . . does not operate as a stay . . . of the collection of alimony, maintenance, or support from property that is not property of the estate . . . .

11 U.S.C. § 362(b)(2)(B) (2004).  Because Appellees did not direct the contempt proceeding at "property," but rather at the Debtor's person, the bankruptcy court found that the section 362(b)(2)(B) exception did not apply.  Appellees argue for a broader reading of this exception to the automatic stay. Appellees do not cite any case in which a contempt action to enforce payment of support through threatened incarceration of the debtor was held not to violate the automatic stay.

It appears that the Fourth Circuit has not directly addressed this issue.  Bankruptcy courts in other circuits, however, have held that such actions do not fall within the section 362(b)(2)(B) exception to the automatic stay.  For example, in *Lori v. Lori*, 241 B.R. 353 (Bankr. M.D. Pa. 1999),

the court awarded damages for a violation of the automatic stay when a party filed a petition for civil contempt in state court against the debtor by reason of his alleged failure to comply with a support order.  *Id.*  The court held that while section 362(b)(2)(B) would permit collection efforts against property not of the estate, such as wage attachment, the petition to hold the debtor in contempt for violating the support order was not so limited.  *Id.* at 355.  The court reasoned that because the petition to hold the debtor in contempt targeted the debtor himself, rather than his post-petition income, the attempt to enforce collection was not excluded from the provisions of 11 U.S.C. § 362.  *Id.* at 356.  The Court agrees with the reasoning in *Lori* based on the plain language of section 362(b)(2)(B) which relates only to property.  Because Appellees targeted the Debtor's person rather than property not of the bankruptcy estate, Appellees' actions did not fall within the section 362(b)(2)(B) exception to the automatic stay.  Accordingly, Ms. Duncan and Mr. Surovell violated the automatic stay by filing the petition for the rule to show cause.

Appellees contend that the public policy of support obligations mitigates against such an interpretation of the section 362(b)(2)(B) exception.  In support of this argument, Appellees rely on the Fourth Cicuit's holding in *Caswell v. Lang*, 757 F.2d 608, 610 (4th Cir. 1985), that "the Supreme Court has

long favored state court retention of exclusive control over the collection of child support."

Appellees argue that this Court should abstain from hearing this matter. They point to *Carver v. Carver*, 954 F.2d 1573 (11th Cir. 1992), where the court found that by proceeding with a contempt action in state court to attempt collection of arrearages in support without requesting relief from the automatic stay, appellants had willfully violated the automatic stay. Nevertheless, citing 28 U.S.C. § 1334(c)(1)[1] and the general principle that domestic relations belongs to state, not federal law, the court held that the bankruptcy court should have abstained because the purposes underlying 11 U.S.C. § 362 would not be served by finding a violation of the automatic stay. While the Court agrees with the Eleventh Circuit's holding in *Carver*, there were factors weighing in favor of abstention in that case that are not present here. For example, the debtor in *Carver* had not listed his former wife as a creditor and she was unable to obtain a copy of his Chapter 13 plan to determine whether the support payments were covered by the plan. This case

---

[1] 28 U.S.C. §1334, the statute from which bankruptcy courts derive their jurisdiction, provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

does not involve similar circumstances that would make abstention appropriate.

The bankruptcy court in this case did not conduct an evidentiary hearing.  The Appellant argues that having found that a willful violation of the automatic stay occurred, the bankruptcy court should have reopened the case to determine the existence of any injuries.  Appellees argue that even though the Rule to show cause was issued 10 days before the automatic stay expired, Hass had no awareness of the show cause proceeding until two weeks after the automatic stay was terminated.  Accordingly, he suffered no prejudice to his interests and stands in the exact same position as he would stand if the Rule had been issued ten days later, outside the automatic stay period.

Hass argues that his knowledge of the violation prior to his discharge is irrelevant, because he later suffered damages in defending the rule to show cause until it was finally stricken by the Circuit Court of Fairfax County, Virginia.[2]  He argues that actions taken in violation of the automatic stay are void and that by requiring him to appear in Fairfax County Circuit Court and defend himself on a void pleading, he suffered damages in the form of attorneys' fees.

---

[2] Even after the bankruptcy court's ruling, Appellees continued to seek to enforce the rule.  Appellant concedes that the bankruptcy court's determination that Appellants had willfully violated the automatic stay was dicta, because the bankruptcy court refused to reopen the case.

Whether an action taken in violation of the automatic stay is void or voidable is an open question in the Fourth Circuit. *See Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996). This Court, however, has held that such actions are merely voidable. *See Khozai v. Resolution Trust Corp.*, 177 B.R. 524, 526-27 (E.D. Va. 1995)(Cacheris, J.).

The Circuit Court for Fairfax County, Virginia, granted Appellant's motion to strike and dismissed the rule to show cause on January 27, 2005. The damages claimed by Appellant relate to proceedings prior to the state court's order of January 27, 2005 which rendered the rule to show cause void. Accordingly, none of Appellant's attorneys' fees were incurred in defending against a void pleading. Rather, the fees incurred by Appellant are the result of his attempt to reopen the case to prosecute the stay violation.

The bankruptcy court's decision not to reopen the bankruptcy case without holding a hearing on damages was not an abuse of discretion. Since Appellant had no knowledge of the petition for the rule to show cause until after the expiration of the automatic stay and was never required to defend himself on a void pleading, he suffered no damages as a result of Appellees' violation of the automatic stay.

**IV.  Conclusion**

   For the foregoing reasons, the order of the bankruptcy court will be affirmed.  An appropriate Order shall issue.


July 6, 2005          /s/ James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE